**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1148**

DUNG T. NGUYEN,

              Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 10, 2012          Decided:  July 31, 2012

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Hoang Nguyen, Duluth, Georgia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Carl H. McIntyre, Assistant Director, Susan K. Houser, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dung T. Nguyen, a native and citizen of Vietnam, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Nguyen's asylum application was denied because it was untimely and he did not show extraordinary or changed circumstances that would warrant the late filing. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although § 1252(a)(2)(D) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this Act . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a

2

colorable constitutional claim or question of law, [the court's] review of the issue is not authorized by § 1252(a)(2)(D)." Id. Nguyen does not raise a constitutional claim or legal issue regarding the finding that his asylum application was untimely. Thus, we are without jurisdiction to review the determination.

While this court does not have jurisdiction to consider the denial of Nguyen's untimely application for asylum, we retain jurisdiction to consider the denial of his request for withholding of removal as this claim is not subject to the one-year limitation bar.[*] See 8 C.F.R. § 1208.4(a) (2012). The current state of the law regarding this court's review of a final order denying withholding of removal was recently summarized in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). In order to qualify for withholding of removal, the alien must show a clear probability of persecution on account of a protected ground, such as political opinion or religious belief. See 8 U.S.C. § 1231(b)(3)(A) (2006); 8 C.F.R.

---

[*] Nguyen does not challenge the denial of relief under the CAT. Accordingly, this court need not review this determination. See Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal.").

3

§ 1208.16(b)(1)(i) (2012).  A showing of past persecution on account of a protected ground creates a rebuttable presumption that the threat would recur upon removal.  8 C.F.R. § 1208.16(b)(1)(i).  If the alien fails to show past persecution, he can establish a well-founded fear of persecution by showing that it is more likely than not that he will be persecuted on account of a protected ground if removed to his country.  Id., § 1208.16(b)(1)(iii).  If the alien meets his burden, withholding of removal is mandatory.

When the Board adopts that immigration judge's decision and includes its own reasons for affirming, this court reviews both decisions and will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion.  The standard of review of the agency's findings is narrow and deferential.  Factual findings are affirmed if supported by substantial evidence.  Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary.  See Djadjou, 662 F.3d at 272-74 (case citations omitted).

We conclude substantial evidence supports the finding that Nguyen did not establish past persecution or a well-founded fear of persecution.  Nguyen's testimony simply lacked detail regarding his arrest and detention and the record does not

4

compel the conclusion that he suffered past persecution. Similarly, the record does not compel the conclusion that there is an objectively reasonable well-founded fear of persecution merely because Nguyen is a practicing Buddhist who has participated in one demonstration that drew attention to the need for religious freedom.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5